THOMAS OBERLANDER and another, Respondents, *v.* CASPAR SPIESS and another, Appellants.

To maintain an action for fraud and deceit based upon false representations, the representations must not only be false in fact, but the party making them must believe or have reason to believe them to be false, and such false representation must influence the other party to contract. (Per GROVER, J.)

The rule that, where there appears in the report no finding by a referee upon particular material facts, the court will, in reviewing the judgment upon appeal, presume, in support of the judgment, that he did find such fact in favor of the party recovering, is only applicable where from the case it appears that such additional finding of fact would have been warranted by the evidence.

Where the plaintiffs contracted to sell land to the defendants, and the defendants offered in payment certain bonds, which bonds the plaintiffs at first refused to receive but finally consented to do so, upon the assertion of the defendants that they were good, as good as cash, and the referee found that the bonds were worthless, and the representation was false and made to induce the plaintiffs to accept the bonds, and that the defendants could not have known such representations to be true, and therefore gave judgment for the plaintiffs, in an action brought by them for fraud and deceit.—*Held,* this conclusion was not authorized by the finding; and *held,* further, that it was error to reject evidence offered by the defendants to show that, prior to the transfer of the bonds, they had made inquiries in respect to their value, and that from such inquiries they believed them to be good.

(Argued December, 1870 ; decided January 26, 1871.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment for the plaintiff entered upon a report of a referee.

By an agreement dated the 22d January, 1863, the plaintiffs agreed to sell to the defendants two lots in the city of New York, worth not less than $4,000, for the sum of $4,100. At the time of making the agreement one of the defendants offered in part payment ($2,000) the bonds of the Logan County Mining and Manufacturing Company of Virginia, at par value. The plaintiffs at first objected to receiving the bonds but, finally, upon the statement of the defendant that the bonds were good, that they were as good as cash, they consented to do so. The lots were afterward conveyed to the defendants and the bonds transferred to the plaintiffs as part of the consideration. The bonds were worthless, and this action was brought to recover the damages sustained by the alleged deceit and fraud of the plaintiff. The referee did not find any actual fraudulent intent on the part of the defendants or that they were aware that their statements were false. He found, however, that the defendant had represented as true, that which was not true and which he could not have known to be true, to the gain and advantage of defendants, and the loss of the plaintiffs, and thereupon gave judgment for the plaintiffs. The defendants appealed to the General Term, where the judgment of the referee was affirmed.

*Stephen H. Olin* for the appellants (*R. B. Rosevelt* with him), insisted that the falsity of the representations made by them, not being known to the defendants they were not liable. (*Atwood* v. *Small*, 6 Cla. & F., 444 ; *Burns* v. *Burnett*, 2 H. & L., 529 ; *Moens* v. *Heyworth*, 10 M. & W., 147 ; *Paisley* v. *Freeman*, 1 Smith, L. C., 55 ; *Hopkins* v. *Tanqueray*, 21 L. J., C. P., 162 ; *Salisbury* v. *Stainor*, 19 Wend., 159 ; *Ormrod* v. *Huth*, 14 Mees. & Welsby, 651 ; *Marsh* v. *Falker*, 40 N. Y., 562 ; *Sandford* v. *Handy*, 23 Wend., 260, 268 ; *Thomas* v. *McCann*, 4 B. Monroe, 601 ; *Hubbard* v. *Briggs*, 31 N. Y., 530 ; *Foley* v. *Coghill*, 5 Black., 118.)

*Beach & Beaman,* for the respondents, insisted that every intendment of law as well as fact, is, as matter of legal right,

to be made in support of judgments on appeal. (*Carman* v. *Pultz*, 21 N. Y., 551; *Viele* v. *Troy and Boston R. R. Co.*, 20 N. Y., 184; *Rider* v. *Powell*, 28 N. Y., 310; *Grant* v, *Morse*, 22 N. Y., 323; *Bentley* v. *Smith*, 2 Keyes, 342; *Lefler* v. *Field*, 50 Barb., 408; *Brainard* v. *Dunning*, 30 N. Y., 216; *Richardson* v. *Durgan*, 8 Bosw., 212.) That the facts as found by the referee were sufficient to sustain the action. (Addison on Torts, 3 ed., 830; *Bennett* v. *Judson*, 21 N. Y., 238; *Stone* v. *Denny*, 4 Met., 162; *Sharp* v. *Mayor*, 40 Barb., 256; *Smith* v. *Richards*, 13 Peters, 26; *Craig* v. *Ward*, 3 Abb. U. S., 239; 40 N. Y., 566.)

GROVER, J.  The counsel for the respondent insists that he was entitled to recover by proving that the representations made by the defendants upon the sale of the bonds to them were false.  The bonds in question were those of a corporation organized pursuant to the statutes of New York, called Logan County Mining and Manufacturing Company of Virginia, having several years to run before maturity, and drawing interest at six per cent, payable semi-annually, at the office of the company in the city of New York.  Payment of the bonds was secured by a mortgage to a trustee purporting to cover over one hundred thousand acres of land situated in West Virginia.  The referee found that the defendant Rozwog, to induce the plaintiffs to accept the bonds as offered, and to overcome the objections of the plaintiffs to the same, then represented that the bonds were good, and that they were as good as cash, and repeatedly made such and other affirmations to the same effect in regard to them.  The referee further found that these representations were false, but did not find that the defendants knew them to be false, or any fact inconsistent with the idea that the defendant in good faith believed them at the time to be true.  The action is not founded upon contract, but upon the alleged deceit and fraud practiced by the defendants upon the plaintiffs, to induce them to purchase the bonds.  The question, therefore, is whether a recovery can be sustained in the absence of proof

that the defendants believed or had reason to believe that the representations were false at the time, and for that reason that they were fraudulently made. That such proof is necessary to a recovery is an elementary principle. (2 Kent's Commentaries, 482–489). In *Attwood* v. *Small* (6 Clark & Finnelly, House of Lords Cases, 444), Lord Brougham says: If two parties enter into a contract, and if one of them, for the purpose of inducing the other to contract with him, shall state that which is not true in point of fact, which he knew at the time he stated it not to be true, and if upon that statement of what is not true and what is known by the party making it to be false, the contract is entered into by the other party, then, generally speaking, and unless there is more than that in the case, there will be at law an action open to the party entering into such contract; an action of damages, grounded upon the deceit; and there will be a relief in equity to the same party to escape from the contract which he has so been inveigled into making by the false representations of the other contracting party. In one case, it is not necessary that all those three circumstances should concur in order to ground an action for damages at law, or a claim for relief in a court of equity. I mean in the case of a warranty given, in which the party undertakes that the fact be so, and in which case, therefore, no question can be raised upon the scienter upon the fraud or willful misrepresentation. In this case that is clearly out of the question; therefore, all these three circumstances must combine: First, that the representation was contrary to the fact; secondly, that the party making it knew it to be contrary to the fact; and, thirdly, and chiefly, in my view of the case, that it should be this false representation which gave rise to the contracting of the other party. (See also, *Ormrod* v. *Huth*, 14 Meeson, 2 Welsby, 651.) All the confusion that has arisen upon this point, has been from a misapplication of a class of cases where the party making the representation of a fact has asserted its existence as within his personal knowledge, as contra-distinguished from belief or opinion. *Bennet* v. *Judson* (21 N. Y., 238), belonged to this

class. See *Marsh* v. *Falker* (40 N. Y., 562) where this class of cases was reviewed, and the principle upon which they were decided pointed out. The representations in the present case were strong expressions of belief and opinion. They do not legally imply that Roswog had made any personal examination of the pecuniary affairs of the corporation by which they were issued, or of the value of or title to the lands by which they were secured, and thus had acquired personal knowledge of the value of the bonds, and that he was speaking from such personal knowledge. Consequently, proof that the representations were false did not show him guilty of falsehood or fraud in making them.

The counsel for the respondent also insists upon the rule that where there has been no finding of the referee upon a question of fact, the court will, in reviewing the judgment upon appeal, assume, in support of the judgment, that he did find such further facts in favor of the party recovering as are essential to uphold it. The counsel is right in this respect. (*Grant* v. *Morse*, 22 N. Y., 323. *Rider* v. *Powell*, 28 id., 310; *Doty* v. *Carolus*, 31 N. Y., 549.) But this rule is applicable only where, from the case, it appears that such additional findings of fact would have been warranted by the evidence. An examination of the testimony in this case shows that some facts were proved by the plaintiffs tending to show that the defendant Roswog was aware of the falsity of the statements at the time of making them and evidence was given by the defendants tending to repel any such conclusion. It is unnecessary to determine whether the evidence would have warranted such further finding, and thus bring the case within the rule, for the reason that competent evidence upon this point was offered by the defendants and an exception taken to its rejection by the referee. The defendants offered to prove that prior to the sale of the bonds to plaintiffs they had made inquiries in respect to their value, and that from the information so received, they believed the bonds to be good and fully worth their par value. The rejection of this evidence was erroneous. The point in issue

was, whether the defendants believed the representations true or were aware of their falsity. Upon this point it was competent for the defendants to show that they had made inquiries in relation to the value of the bonds, and the information they had acquired thereby, and that from such information they believed the bonds were worth more than par at the time of making the statements.

The judgment appealed from must be reversed and a new trial ordered, costs to abide event.

All the judges concurred in the result.

NOTE.—This case, when decided, was understood by the reporter as expressing by the court merely a concurrence in the result as to the error of excluding the testimony, without passing definitely upon the propositions of the opinion. It appears, however, by the opinion of FOLGER, J., in *Meyer* v. *Amidon*, above, that the court did decide in *Oberlander* v. *Spiess*, the propositions stated by him. The two cases are therefore reported together.—REP.