By the Court.—Monell, Ch. J.
Not having been furnished by the appellant with any of the evidence given on the trial of this action, we must assume that all the allegations in the complaint were sufficiently supported by the evidence to justify and sustain the verdict of the jury. In other words, that the cause of action, as stated in the complaint, was fully and sufficiently proven on the trial.
Nor do I think that the defendant can now claim that upon his several requests to charge the jury, there was any such conflict in the evidence, or any evidence whatever, upon which the jury could And facts to support the propositions of law propounded by him.
Thus, the first request, that if Stern was good and responsible, the jury must find for the defendant. The complaint alleged otherwise, and we must assume that the proof fully sustained the allegation. The jury therefore could not have found that Stern was good and responsible. So in regard to the defendant’s belief of Stern’s responsibility and of the conspiracy to defraud. The complaint alleged both the insolvency of Stern, and the conspiracy, and the proof is presumed to have sustained the allegations.
With these presumptions against the defendant, his requests were mere abstract propositions of law, which I do not think we are called upon to examine or decide. We at least should be able to see, that the jury might have found for the defendant upon some of the requests. How can we do so, when we must presume the evidence was wholly the other way %
We might, I think, very properly dispose of all the defendant’s exceptions to the refusals to charge upon the reasons already stated. The defendant made up the case, and could have shown that there was evidence which the jury could have applied to his propositions of law. Having omitted to do so, every legal presumption should be taken against him.
*145 The verdict of the jury has established, that there was a conspiracy between the defendant and Stern to defraud the plaintiffs ; that to perpetrate the fraud, the defendant induced the plaintiffs to sell their property to the defendant, upon the credit of Stern, whom the defendant falsely represented to be responsible, Knowing at the time that such representations were untrue.
To such a case, thus established,with the light shed upon it by the judge’s charge, we are asked to examine the propositions of law submitted by the defendant.
The first.request to charge was that “if Stern was good, the jury must find for the defendant.” 1 do not understand that this was refused. The judge read the several requests and said he would charge them with some modifications.
In respect to the first request he said, “ you (the jury) have the evidence whether he (Stern) was good, and you are to pass upon that question.”
Taking the request, and the remark upon it by the judge, it was sufficiently indicated that if the jury should find that Stern was good, they must find for the defendant. The request contained just that proposition, and it was given to the jury, under a submission to them of the question of fact involved in it.
The second and fifth requests are like the first, except that if the defendant “honestly ~believedfi that Stern was good, &c., and this raises the principal question discussed upon the argument.
The court, after reading the requests, said to the jury, if you find that the defendant, at the time of making the representations as to the responsibility of Stern, had no information or knowled of facts, which in the exercise of common sense and ordinary prudence, was sufficient to put him on inquiry, and would have led to a knowledge of Stern’s pecuniary condition, aid *146 honestly believed such statements to be true, you must find for the defendant.
The request of the defendant presents the naked proposition, whether an honest belief in the truth of a false statement, is not a defense to an action for damages for a fraud.
I have no doubt it is, and such is the current of decision and authority at the present day. The law on the subject is clearly and forcibly stated in the opinions of the court, in Marsh v. Falker, and Cbester v. Comstock (40 N. Y. 562 and 575), where it is said that, an intent to deceive, is the essential ingredient.
But I do not understand that the cases in 40th N. 7. undertake to interfere with the question of fact which maybe involved in any given case ; or to decide what kind of evidence shall be regarded as sufficient to show the intent to deceive. Those cases do decide, as matter of law, that representations made without intent to deceive, in the belief that they were true, ■whether it be of the existence of a fact or of the knowledge of a fact, are not per se fraudulent. That the whole question is whether the representations were fraudulently made ; and the intent to deceive must concur with the falsity.
This general proposition has been affirmed in several subsequent cases. In Oberlander v. Speiss, 45 N. Y. 175, and in Meyer v. Amidon, Id. 170. In a second appeal, in Oberlander v. Speiss (not reported), the court explains its former decision. They say that it is not only necessary to prove the falsity of the representations, but that the defendant had reason to believe, and did believe they were false. But that goes no further than the former cases, which hold an intent to deceive essential.
The proposition contained in the defendant’s request was fairly within the principle laid down in *147 the cases referred to, and might have been very properly submitted to the jury without any qualification.
Whether the addition pub to it by the learned judge, changes or affects the legal proposition, remains to be seen.
Tne words interpolated by the learned judge were extracted from the opinion of the court in Craig v. Ward (3 Keyes, 387), where a charge to the effect, that even if the defendant did not know the representations were untrue, yet if he was informed and 'knew of the facts which in the exercise of common sense and ordinary prudence, were sufficient to put him on inquiry, and would have led him to a knowledge of the truth, he would be liable, the same as if he had actual knowledge, was upheld by the court of appeals, and has not since, that I am aware of, been reversed.
The learned judge, however, in that case, did not, nor did the court, intend todo more than to decide that case. They did not intend to lay down any general principle. The representation was by an agent in respect to the validity of a mortgage upon land, and the court say, that the proof was clear that Clark (the agent) was informed of every thing respecting the condition of the mortgage, and understood all the facts in regard to it. And then the learned judge says, (p. 303), “ Upon the case as it was presented by the proof, the charge was right;” and he adds, “I am inclined to the opinion that it is right in the abstract;” referring to Bennetts. Judson, 21 N. Y. 238.
But Bennett v. Judson, as well as Marsh v. Falker, (ubi sup.) expressly, and Craig v. Ward, by necessary implication, have been limited in their application by Oberlander v. Speiss (45 N. Y. 175) to the class of cases where the party making the representation of a fact has asserted its existence as within his personal knowledge, as contra-distinguished from belief or opinion.
*148 In the several cases I have examined, and I have examined all in this state decided since Craig v.Ward, I can not find any modification of the principle as it is stated in Chester v. Comstock (ubi supra), namely that there must be anintent to deceive, and such intent can be ascertained only from some knowledge or information of the falsity of the statements. That they were imprudently or indiscreetly made, is not enough. In Meyer v. Amidon (ubi sup.), it is said the action can not be maintained in the absence of proof, that he believed or had reason to believe, at the time when he made them, that the representations were false, and that they were for that reason fraudulently made. And in Oberlander v. Speiss (sup.), the referee found the representations false, but did not find that the defendant knew them to be false, or any fact inconsistent with the idea that the defendant in good faith believed them at the time to be true; and it was held there could be no recovery.
Still the enunciation of the general principle does not, except very inferentially, perhaps, touch the precise point decided in Craig v. Ward (sup.), that if the defendant knew or had information of facts which were sufficient to put him on inquiry, and would have led to a knowledge of the matter represented, he would be liable. And the point is left, I think, unreversed, and in one case among the last decided by the court of appeals, is so far approved as to leave it binding upon us.
In Atkins v. Elwell (45 N. Y., 753), in reviewing one of the requests to charge, the court quote from the charge, which was literally in the language of Craig v. Ward, and say (per Folger, J.): “ The request should have embodied this element of knowledge of the falsity of the representations or informa tion of facts and circumstances which would put upon inquiry.”
*149 Without inquiring further into the correctness of the decision in Craig v. Ward, we think it is so far affirmed by Atkins v. Elwell, that we must follow it.
The third request was -charged. There was no alteration or modification of it in its legal effect. The addition of the judge was a mere illustration of the evidence necessary to establish a conspiracy, and upon which the jury were to find its existence.
The fourth request was an attempt to limit the fraud to the first purchase. But the charge in the complaint, which, as we have seen, must be assumed to be true, was that the second purchase was in furtherance of the first conspiracy, and the reliance of the plaintiffs was upon the first representations.
Under these facts the jury could not have separated the transactions. So far as they were affected by the fraud, they were one transaction.
There was no error in refusing the request.
The portion of the charge excepted to, contains no principle of law different from that which we have already had under review, an 1 falls within the case of Craig ®. Ward.
We think there was no error committed o .1 the trial, and the judgment should be affirmed.
Sedgwick, J., concurred.