THOMAS W. LAWTON, Respondent, v. GEORGE W. GOOD-
RICH et al., Appellants.

*Supreme Court, Fourth Department, General Term, September 19, 1889.*

1. *Fraud. Recovery.*—In an action for fraud, no recovery can be had
   on a warranty.
2. *Same.*—To support such action, knowledge, on the part of the defraud-
   ing party, of the falsity of his statements must be proved.

Appeal from a judgment of the county court of Oswego
county affirming a judgment rendered by a justice of the peace
upon a verdict for the plaintiff of fifty dollars.

The action was to recover damages for false and fraudulent
representations upon the sale of a horse.

*M. J. Shoecraft* and *A. Wart*, for appellants.

*S. C. Huntington & Son* and *D. M. Reilly*, for respondent.

MERWIN, J.—As this case is here presented the question is
not whether there was a breach of warranty, but whether the
defendants were guilty of a fraud in the sale of a three-year
old mare colt. The allegation of the plaintiff is that the
defendants " falsely and fraudulently represented said horse
to be sound, kind, true and gentle and quiet in harness,"

that it was in fact, " unsound, unkind and untrue, restive and ungovernable in harness and was vicious and ungovernable to drive and had a vicious habit of kicking," all of which was known to the defendants.

The plaintiff, testifying as to the sale, said among other things as follows: One or both of the defendants said that she was a good, pleasant driver: there were no bad tricks about her; she was all right: she was kind and gentle; they used her in all places, had dragged with her ten acres a day, she was well broke single or double, and they had marked out corn ground with her; there was another colt there of same age; they did not tell me she had been hitched up with any horse other than her mate; they told me they had done the work spoken of with the pair; there was something said about her being hitched up with other horses. I inquired of defendants about hitching her up, they said the colts had been hitched up together, but they generally hitched her up with the old mare; the young man said this, he did not tell me what they had done when the colt was hitched up with the old mare. Another witness called by the plaintiff to the transaction testified among other things as follows: James said they drove the mare before a wagon and cutter; had dragged with her and drove her before a carriage; George said he had driven her but once; said they had dragged ten acres a day; the last they said about working her, they hitched her on to the corn-marker and marked the ground; both said she was kind and gentle and all right. This is the substance of the representations as shown on the part of the plaintiff. The sale was on Saturday. The plaintiff led the colt home, put her into his barn till Monday morning, fed her well, then on Monday morning harnessed her up by the side of his other horse, hitched them to a wagon together, drove them a few rods when the colt kicked and was over the tongue. There was evidence that she afterwards kicked when hitched up with another horse.

There is no evidence that any of the statements made by

defendants as to what they had done with the colt were false. There is no evidence that they knew of her kicking when harnessed up with another horse, and that she ever did kick while they had her. The plaintiff never used her single. He testified he never hitched her up single to a buggy. The sale was last of May, 1885; the trial was in August, 1885. The only material trouble was her kicking when hitched up with a strange horse. On that particular subject there was no representation by the defendants. They told him truly, for aught that appears, what they had done with the colt, and how they had used her. The colt was in fact owned by the defendant, George W.

Both of the defendants took part in the sale. It may be that the evidence would have authorized a finding of a warranty that would have covered the defect. But there is no evidence to show that the defendants knew of any propensity on the part of the colt to kick, or had any reason to believe that such existed. This is an essential element to be shown as a basis for fraud. Oberlander *v.* Spiess, 45 N. Y. 175. Its absence in this case is fatal to the recovery.

The judgment should be reversed.

HARDIN, P. J.—In the complaint it is stated that the defendants "falsely and fraudulently represented said horse to be sound, kind, true, and gentle and quiet in harness. * * * Plaintiff further alleges that at the time of said warranty, representations and sale the said horse was unsound, unkind and untrue, restive and ungovernable to drive, and had a vicious habit of kicking and was actually worthless and was of no value whatever to plaintiff, *all of which was well known to the defendants at the time of said sale.*

The learned counsel for the respondent correctly characterizes the complaint when he says in his printed points, viz., "The complaint states a cause of action in fraud and tort." Inasmuch as the complaint contained a cause of action of fraud and deceit the plaintiff at the trial was required

to prove such fraud and deceit as he had alleged in his complaint. In establishing such a complaint as the one from which we have just quoted, the plaintiff was called upon to give satisfactory proof of a *scienter*. The plaintiff was not at liberty under the complaint to rely for the right of recovery upon a simple warranty having elected to charge the defendants with a fraud, and framed a complaint for that purpose, he was bound to establish the fraud as the basis of a recovery.

We may appropriately apply the language used by DANFORTH, J., in Neudecker *v.* Kohlberg *et al.*, 81 N. Y. 301, where he says, viz.: "The principle still remains that the judgment to be rendered by any court must be *secundum allegata et probata*. Wright *v.* Delafield, 25 N. Y. 226; Tooker *v.* Arnoux, 76 Id. 397." In the case from which we have just quoted it was distinctly held, viz.: "Where a complaint states a cause of action *ex. delicto*, it was not competent at the trial to convert it into one *ex contractu*.

For the reasons stated in opinion of Brother MERWIN, showing that the allegations of fraud contained in the complaint were not satisfactorily established at the trial, I agree with him in his conclusion that the judgment of the county court and of the justice's court should be reversed.

It may be that the plaintiff under a proper complaint, with the proofs which he has given in the case before us, may be able to make out a right of recovery upon a warranty. However, we may not pass upon that question.

Upon the ground already stated, I agree to a reversal.

MARTIN, J., did not vote.

Judgment of the county court of Oswego county and that of the justice's court reversed, with costs.

---

NOTE ON "ELEMENTS OF FRAUD."

Elements of action for deceit are "representation, falsity, scienter, deception and injury." Brackett *v.* Griswold, 112 N. Y. 454; Arthur *v.* Same, 55 Id. 400; Bosworth *v.* Higgins, 54 Hun, 635.

Note on " Elements of Fraud."

The false representations need not be made by the defendant personally, or directly to the plaintiff. Id.

Such statement made to the public, to influence action, will charge the defendant. Id.

Any one acting on it and sustaining injuries thereby, may maintain an action. Id.

The injury must be caused by the fraud. Id.

A reputation for solvency, acquired by the insolvent, is not a ground of action. Id.

The specific representation, which was known, relied upon and caused injury must be shown. Id.

All actions for fraud, whether originating in conspiracy or individually, are governed by the same principle. Id.

Mere conspiracy to commit a fraud is never, of itself, a cause of action. Id.

The elements necessary to constitute fraud were stated in Hotchkin *v.* Third Nat. Bk., 57 Hun, 594.

An intent not to pay cannot be inferred from the mere fact of insolvency. Id.

The reluctance of vendee and urgent solicitation by the vendor's agent tend to negative a presumption not to pay. Id.

In actions for fraud, reliance upon representation may be inferred from all the circumstances of the transaction. Hatch *v.* Spooner, 59 Hun, 625.

The fraud must be established by evidence necessarily leading to that conclusion. Id.

A material statement, made as though it was known to be true, but without actual knowledge and with intent to deceive, constitutes fraud. Trumble *v.* Peck, 59 Hun, 617.

Representations as to solvency, false in a respect which was not acted on by plaintiff, do not give a cause of action. Wilson *v.* Ryder, 32 N. Y. St. Rep. 305.

It is of the very essence of an action of fraud or deceit, that the same should be accompanied by damage. Deobold *v.* Oppermann, 111 N. Y. 531. Neither *damnum absque injuria* nor *injuria absque damnum*, by themselves constitute a good cause of action. Id. Hutchins *v.* Hutchins, 7 Hill, 104; Michigan *v.* Phœnix Bank, 33 N. Y. 9. A party cannot claim to have been defrauded who has been induced by artifice to do that which the law would have otherwise compelled him to perform. Deobold *v.* Opperman, *ante ;* Thompson *v.* Menck, 2 Keyes, 82; Story *v.* Conger, 36 N. Y. 673; Randall *v.* Hazeltine, 12 Allen, 412.