CATON BUSINESS COLLEGE CO. *v.* HERTEL.

(*Superior Court of Buffalo, General Term.*  February 2, 1891.)

DECEIT—FALSE REPRESENTATIONS.

In an action on a note given for a scholarship in plaintiff's school, to be used by defendant's son, who was a minor living with defendant, it appeared that defendant expressed some doubt whether he could get his son to go to the school. *Held,* that a recovery cannot be defeated on the ground that defendant was fraudulently induced to sign the note by the representations of plaintiff's agent that defendant's son had agreed to go to the school, as it was defendant's duty to ascertain from his son whether he would attend the school.

Appeal from municipal court.

Action by the Caton Business College Company against George Hertel. There was a judgment for defendant, and plaintiff appeals.

Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.

*J. W. Russell,* for appellant.  *Joseph P. Schattner,* for respondent.

v.12N.Y.s.no.7—46

TITUS, J.   This action was brought in the municipal court on a promissory note given by the defendant to the plaintiff for $75.   The answer of the defendant sets up that the note was given for the tuition of his son, and was obtained by the false representations of the plaintiff's agent that the son of the defendant had consented to go to school at the college of the plaintiff in this city.   It appears that the plaintiff is a corporation conducting a business college in this city; that it made out and delivered to the defendant a scholarship in its college, to be used by Martin Hertel, the defendant's son, for the sum of $75.   The scholarship is transferable on certain conditions, which are not necessary to consider in disposing of the questions here involved. The defendant claims that the note is void for the reason that, at the time the defendant signed it, Mr. Plundt, the agent of the plaintiff, falsely represented that Martin, the defendant's son, had consented to go to school.   Martin Hertel, the son, is about 16 years old, living at home with his father.   It does not seem to me that the defendant has shown such a state of facts as warranted the court below in coming to the conclusion that the note was void for fraud.   It is well settled that to avoid a contract for fraud it must appear that the representations were false, that the party making them knew them to be false, and that the false representations were the cause of the other party entering into the contract.   *Oberlander* v. *Speiss*, 45 N. Y. 175.   In addition to this, the party must not be guilty of carelessness, but must use diligence in determining whether the representations are false.   *Babcock* v. *Libbey*, 53 How. Pr. 255.   Assuming the representations were made as claimed by the defendant, it does not appear that he relied upon them, or that he would not have purchased a scholarship without reference to what his son said to the plaintiff's agent.   In *Taylor* v. *Guest*, 58 N. Y. 262, the court say that fraud without damages or damages without fraud will not sustain an action of deceit, and a false and fraudulent representation, made by one party to induce a contract to be entered into by another, is not actionable unless the party to whom it was made believed the representation to be true, and acted upon the faith of it to his damage.   "In a legal sense a person is not damaged by a false representation by which he is not influenced."   Applying the rule here stated to the facts in this case, it does not appear that the defendant has been damaged; or, in other words, that he relied upon or was deceived by the representations made, or that he would have acted differently if nothing had been said about the willingness of his son to attend school.   The boy was living under the same roof with his father, who could have seen him at any time.   He was the legal custodian, and could send him to school or not, as he desired.   Presumably it was his wish that he should go to school; and it is more than probable, in the absence of proof upon that point, that the defendant relied more upon his influence over and right of control of the boy than upon any statement made by a stranger of what the boy would consent to do.   In the absence of some fact showing that he relied upon the representations of the agent, and was deceived, the defense of fraud cannot be sustained.   *Brackett* v. *Griswold*, 112 N. Y. 454, 20 N. E. Rep. 376.   In actions of this kind it is made the duty of a party claiming to be defrauded that he should make some effort to protect himself.   A person of ordinary intelligence, in the full possession of his faculties, must exercise some care to protect himself in his business transactions, and not blindly rely upon what another tells him, especially when he has all the means within his reach to know the exact truth.   A party is bound to exercise ordinary prudence and caution to guard against imposition and fraud, otherwise the courts will not interfere.   *White* v. *Seaver*, 25 Barb. 235.   In the case before us the boy, according to the testimony, was at the time "running around the street," and the defendant could easily have learned from his own lips whether he was being deceived, instead of placing implicit faith in the words of a stranger.   It appears that the defendant expressed some doubt whether the boy would consent to go to school

and he expressed himself that he thought he would have trouble in getting him to go; yet, having a knowledge of the boy's disinclination, he wholly neglected to ask him whether he had promised to go to school.  He made n st the slightest effort to find out whether his doubts were well founded, and whether he was or was not imposed upon by strangers, but, while expressing doubts, gave full credence to the statement of the stranger agent, and entered into a contract whereby he became liable to pay the amount of the note.  I cannot believe that he relied upon what was told him.  It does not accord with our experience and knowledge of men.  He undoubtedly hoped his boy would take advantage of the opportunity offered, and believed he would, but his reliance was placed more upon his supposed influence over his son than upon the words of a mere stranger; but, if he foolishly accepted as truth all that was said to him, without resorting to the means within his reach to determine its truthfulness, he is not now permitted to say he was deceived, and obtain relief from the court.  *Davis* v. *Sims*, Hill & D. 234; *Long* v. *Warren*, 68 N. Y. 426; *Tallman* v. *Green*, 3 Sandf. 437.  The judgment of the municipal court must, therefore, be reversed.  All concur.