Schenck, J.
This is a motion by the defendant for judgment dismissing the complaint on the ground that there is an existing final judgment in the United States District Court for the Northern District of New York, covering the issues involved herein. The defendant was adjudicated a bankrupt and a chattel mortgage, executed and delivered to the plaintiff, referred to as “ Exhibit A ” in the complaint, was listed in the defendant’s schedules of bankruptcy. That chattel mortgage and the personal property covered thereby constitute the subject matter of this action.
The plaintiff, however, contends that his action is based on fraud and, therefore, is included within the provisions of paragraph 4 of subdivision (a) of section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], par. 4), which state, in effect, *875 that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as were created by his fraud. No issue is taken here with the proposition that an action in fraud survives a discharge in bankruptcy, regardless of the fact that the subject matter of the alleged fraud was included in the bankruptcy schedules. The defendant contends that, upon the face of this complaint, no valid cause of action for fraud is stated.
It appears that sometime in 1952 (the precise date is in dispute), the defendant executed a chattel mortgage covering certain store fixtures, described in “ Exhibit A ” of the complaint, and delivered said mortgage to the plaintiff. Thereafter, in July, 1953, defendant delivered to the Protective Loan Corp. another chattel mortgage on the same personal property. Following this, in August of 1953, the defendant executed and delivered to one, Theodore Carter, still another chattel mortgage covering the same personal property. Subsequently, the chattel mortgages held by the Protective Loan Corp. and by Carter were filed in the Albany County Clerk’s office. It was not until several months after the date of such filing that the plaintiff’s chattel mortgage was filed. Eventually, the defendant went into bankruptcy and, as a result of the proceedings therein, the Protective Loan Corp., having been the first chattel mortgagee to have filed, received priority as against other creditors. The plaintiff’s claim under his chattel mortgage was, therefore, not satisfied and, as a matter of fact, even remains subordinate to Carter’s chattel mortgage.
The plaintiff now bases his action in fraud against the defendant on the ground that the subsequent chattel mortgages to the Protective Loan Corp. and to Carter were deliberately executed by the defendant with the intent of defrauding the plaintiff.
It is well settled that there are five elements required to constitute a cause of action for fraud. They are, as follows: (1) A false representation; (2) made with the knowledge of the defendant that it was false; (3) made with the intent to defraud the plaintiff; (4) believed by the plaintiff and relied upon by him; (5) resulting in damage to the plaintiff. These basic requirements, necessary to constitute a cause of action in fraud, have been analyzed and commented upon in numerous decisions. With respect to number 4 of the above-listed elements, the law is well summarized in Taylor v. Guest (58 N. Y. 262, 266), where it is stated that “ In a legal sense a person is not damaged by a false representation by which he is not influenced. ’ ’ (In a similar vein, see, also, Hotchkin v. Third Nat. Bank of Malone, 127 N. Y. 329, and Oberlander v. Spiess, 45 N. Y. 175.) In the case at hand, the defendant’s representations, made months after delivery of *876 the chattel mortgage to the plaintiff, were directed to Carter and Protective Loan Corp. The plaintiff never relied upon any representations of the defendant that might have been employed to secure subsequent loans from those two parties. Accordingly, there is a fatal defect, on the face of the plaintiff’s complaint herein, with respect to one of the necessary elements of fraud. It must, therefore, be held that this plaintiff has failed to state a cause of action in fraud.
This court is not prepared to say that the plaintiff herein has no recourse whatsoever with respect to this defendant.. As indicated above, however, he has not stated a case in fraud, so that the exception to bankruptcy discharges under paragraph 4 of subdivision (a) of section 17 of the Bankruptcy Act, does not avail him here. Whether there are other remedies available is not now before this court. The conduct of the defendant herein is not necessarily condoned. The fact remains, however, that the technical legal requirements necessary to state a cause of action in fraud are not all present, even though it may be assumed that the defendant knowingly made a false representation to third parties which resulted in damage to the plaintiff. On the face of the complaint, it is clear that there was no reliance by the plaintiff upon defendant’s representations to Protective Loan Corp. and/or Carter. It might be noted that the plaintiff could have obviated the entire problem by filing his chattel mortgage, which he had ample opportunity to do, before the subsequent chattel mortgages were given to the other two parties. The motion to dismiss the complaint herein is granted. Au order may be entered accordingly.