The facts found by the referee sustain his conclusion of law, that the plaintiffs were entitled to recover of the defendants the sum for which judgment was awarded to them.
The party who seeks to reverse, in this court, a judgment rendered upon the report of a referee, upon the ground that the judgment is not warranted by the facts proved, must procure such a finding of facts as will show that the judgment is erroneous. (Van Slyke v. Hyatt, 46 N.Y., 261, and cases cited.)
The defendants did not request the referee to find any facts in addition to those stated in his report, and no application was made for a resettlement of the case, and we cannot look into the evidence to ascertain whether any facts were proved which if found would have defeated or limited the recovery.
The principal question in the case was whether the plaintiffs were, under their contract with the defendants, entitled to reimbursement, for advances made by them, in the currency value of the gold used in the purchase and importation of the nitrate
at the time when the disbursements were made, and whether their commissions were payable upon such currency value.
The accounts of the transactions were kept by the plaintiffs in currency. They charged the defendants the currency value of the gold, used in purchasing and importing the nitrate, on the day when the transaction occurred, and they credited them for gold payments at their currency value when the payments were made.
Accounts were rendered from time to time by the plaintiffs to the defendants in which the currency cost of the importation as thus ascertained was stated, and upon which cost the commissions stipulated in the contract, were charged.
The defendants insisted that the plaintiffs' commissions were chargeable only in gold on the gold cost of the commodity, or in its equivalent in currency at the time of its delivery to them in the city of New York. *Page 31 
The contention in the case arises from the fact of the existence of two legal currencies within the United States, one of which is of fluctuating value, and which in 1864 and 1865, when these transactions occurred, varied greatly in value with reference to gold, the common standard of value throughout the world.
The defendants by the terms of the contract were entitled to a fixed commission upon the cost of the nitrate delivered in New York.
There were two modes of representing this cost, one the currency cost ascertained by converting the gold used into currency at the time the disbursements were made, and the other the gold cost, disregarding the amount of currency used in procuring the gold.
If the relative value of gold and paper money had not changed, it would be immaterial to either party whether the cost was estimated in gold or its equivalent in paper.
And it was competent for the parties to make a contract for the commissions with a view to the cost either in gold or paper. In the absence of any provision in the contract or of any circumstances excluding this interpretation, contracts between citizens for the payment of money will be deemed to refer to the ordinary and usual currency in which business is transacted, and so, I think, unexplained a reference in a contract to the cost of a commodity would refer to its cost in the same currency.
In this case the letters perhaps are not decisive as to the meaning of the term cost, upon which the commissions were to be charged; at all events they are not conclusive in favor of the construction claimed by the defendants.
The referee finds that the accounts rendered were correct, and that "there were no errors, omissions or overcharges" in them.
The defendants rely upon the pro forma, which was furnished by the plaintiffs as interpreting the contract and as a part of it, and to show that the transaction in respect to the importation was to be on a gold basis, and also upon *Page 32 
the manner in which the business was done and payments made as disclosed by the evidence.
But there is no finding by the referee in respect to the proforma, or as to the other facts by which the defendants claim that their interpretation is so established.
There are no facts found from which we can say that the plaintiffs were not entitled to commissions upon the cost of thenitrate, upon the basis of the currency value of the gold expended for it, nor are the facts found wholly unsupported by evidence.
If there were facts proved, which if found would have established the opposite conclusion, they are not before us in such form that the defendants can ask us to consider them.
The judgment should be affirmed, with costs.
All concur, except GROVER, J., dissenting, and FOLGER, J., not voting.
Judgment affirmed.