JAMES H. TAYLOR, Respondent, *v.* WILLIAM A. GUEST, Appellant.

It is incumbent upon a party seeking to recover in an action for deceit, founded upon false representations, to show that he was influenced by them to his damage.

Plaintiff's complaint set forth that defendant, as his broker and agent to sell certain bonds, falsely and fraudulently represented that sixty per cent of their par value was the highest price he could obtain for them, and that, relying thereon, plaintiff authorized a sale at that price; that, in fact, defendant had received and accepted an offer of seventy-five per cent for the bonds, at which rate he sold them, accounting to the plaintiff as upon a sale at sixty per cent only. The referee found, upon conflicting evidence, that defendant was not the agent of plaintiff, but purchased the bonds at sixty per cent, and as owner subsequently sold them at seventy-five. He also found that defendant's agent who made the purchase for him, knowing that defendant had been offered seventy-five per cent, to induce plaintiff to sell for sixty per cent told plaintiff's agent who made the sale, during the negotiation, that the latter sum was the highest price at which the bonds could be sold. Judgment was directed and entered for defendant, and no request for additional findings was made. Upon appeal to the General Term the judgment was reversed and new trial granted. The order did not state that the reversal was upon the facts. *Held* (RAPALLO, J., dissenting), that the findings of the referee were conclusive against the plaintiff upon the cause of action set forth in the complaint; that, conceding that the referee, in case the facts found by him made out a cause of action for deceit in the purchase to the damage of plaintiff, should have rendered judgment thereon in favor of the latter; in determining this question only the facts as found and stated in the report could be looked at here; and that, as there was no finding in the report that plaintiff relied upon the false representations in making the sale, or that it was one of the moving considerations thereto, nor was it a legal inference from the facts found, such cause of action was not sustained by the findings and the order of reversal was error.

*Taylor* v. *Guest* (45 How., 276) reversed.

(Argued June 12, 1874; decided September 22, 1874.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon the report of a referee and ordering a new trial. (Reported below, 45 How. Pr., 276.)

The cause of action set forth in the complaint was, in sub-

stance, that plaintiff being the owner of certain railroad bonds of the par value of $110,000 employed defendant, a stock-broker in the city of New York, as his broker to sell the same; that defendant informed plaintiff that sixty per cent on the par value was all that he could obtain for the same, and plaintiff relying thereon authorized the sale at that rate; that defendant subsequently reported the sale at sixty per cent and so accounted therefor; whereas, in truth, such repre-. sentations were false and fraudulent and made with intent to deceive; that at the time defendant gave the information to plaintiff he had, in fact, received and accepted a bid of seventy-five per cent, and sold the bonds at that rate. Defendant denied the allegations of the complaint and alleged, that he purchased the bonds in question.

The referee found, in substance, that defendant did not act in the matter as agent or broker for plaintiff, but that the latter, through his broker, sold the bonds in question to defendant for sixty per cent of their face; that previous to. such sale defendant had received and accepted an offer of seventy-five per cent for said bonds; that during the nego-tiations one Thomas, who was in defendant's office frequently, acting as defendant's agent, and whom plaintiff's agent had a right to. suppose was acting as such agent, knowing that defendant had received the said offer to induce plaintiff's brokers to sell the bonds to defendant at sixty per cent, told them that that was the highest price for which the bonds could be sold.

As conclusions of law he found that plaintiff was not enti-, tled to recover, and that defendant was entitled to judgment dismissing the complaint. Judgment was perfected accord-ingly. No request for further findings was made.

Upon appeal to the General Term the judgment was reversed and new trial granted. The order contained no statement that the reversal was upon the facts.

*Waldo Hutchins* for the appellant. Plaintiff, on appeal, must stand on the theory of his case as presented by his com-

plaint and on the trial. (*Home Ins. Co.* v. *West. Tr. Co.*, 51 N. Y., 93.) There is nothing shown in the case that will enable plaintiff to maintain an action for fraud and deceit. (*Meyer* v. *Amidon*, 45 N. Y., 169; *Wakeman* v. *Dalley*, 51 id., 27; *Lefler* v. *Field*, 52 id., 621.)

*Henry S. Bennett* for the respondent. Defendant having been employed to sell the bonds could not purchase them. (*Conkey* v. *Bond*, 34 Barb., 276; *Gardner* v. *Ogden*, 22 N. Y., 350; *Hawley* v. *Cramer*, 4 Cow., 717; *Moore* v. *Moore*, 1 Seld., 262; *Davoue* v. *Fanning*, 2 J. Ch., 252; *Michaud* v. *Girod*, 4 How. [U. S.], 503; *Van Epps* v. *Van Epps*, 9 Paige, 237; *Comstock* v. *Comstock*, 57 Barb., 453; *Dobson* v. *Racey*, 8 N. Y., 216; *Chaplin* v. *F. and C. Bk.*, 25 id., 293; *Dutton* v. *Willnor*, 52 id., 312, 319; *Bridenbecker* v. *Lowell*, 32 Barb., 9.) It is immaterial whether plaintiff received or charged commissions. (*Conkey* v. *Bond*, 3 Abb. Pr. [N. S.], 415.) Defendant having profited by Thomas' fraud is liable. (*Kern* v. *Nichols*, 1 Salk., 289; *Craig* v. *Ward*, 1 Abb. Ct. Apps., 454; Story on Ag., chap. 17, § 462, p. 465; *Bk. of U. S.* v. *Davis*, 2 Hill, 452; Dunlap's Paley on Ag. [4th Am. ed.], 301, 302, and note *S*; *N. Y. and N. H. R. R.* v. *Schuyler*, 34 N. Y., 30; *Dutton* v. *Willner*, 52 id., 318; *Hanover Co.* v. *Shelden*, 9 Abb., 240; *Anonymous*, 6 id., 319; *Hawkins* v. *Appleby*, 2 Sandf., 421.)

ANDREWS, J. The cause of action set forth in the complaint is, that the defendant undertook, as the broker and agent of the plaintiff, to sell the bonds, and that he accounted to the plaintiff, as upon a sale, at sixty per cent of their par value, when in fact he sold them at seventy-five per cent of that value. It is alleged that when the plaintiff delivered the bonds to the defendant to be sold, the defendant represented that sixty per cent was the highest price he could obtain for them, and that the plaintiff relying upon that representation, authorized a sale at that price; that this representation was false and fraudulent, and that at the time it was made the defendant

had received and accepted a bid for them at seventy-five per cent, on which he subsequently delivered them, and received the purchase-money; but which fact he fraudulently concealed from the plaintiff.

The complaint is based upon the theory that the relation of principal and agent existed between the parties to the transaction, and not that of vendor and purchaser. The referee found that the defendant was not the agent of the plaintiff to sell the bonds, but that the plaintiff by his agents agreed to sell them to the defendant at sixty cents on the dollar, and that they were sold to him at that price; and that the subsequent sale to *Drew*, was made by the defendant as owner, and not as the broker or agent of the plaintiff. The finding of the referee is conclusive against the plaintiff upon the cause of action set out in the complaint. The evidence was conflicting in respect to the question whether the defendant was the buyer of the bonds from the plaintiff or merely his agent to sell them, and this court cannot review the finding of the referee upon that question.

The plaintiff seeks to maintain the judgment of the General Term, which reversed the judgment entered upon the report of the referee, on the ground that, conceding that the defendant was the purchaser of the bonds, he was, upon the facts found in the report, guilty of deceit in the purchase, occasioning damage to the plaintiff, for which judgment should have been given him. This ground of action is entirely distinct from the one on which the plaintiff relied when he commenced his action; but assuming that if maintained by proof, the referee should have rendered judgment upon it, we are to consider whether the facts found by him establish a cause of action, for deceit against the defendant. In determining this question we can look only to the facts contained in the report. We can look into the case to see whether there is any evidence to sustain the findings, but not to ascertain whether any additional fact was proved, which if found, would in connection with the fact contained in the report have made out a cause of action and required a dif-

ferent judgment. (*Fabbri* v. *Kalbfliesch*, 52 N. Y., 28, and cases cited.) The case is not brought within the exceptions which exist when the appeal is from an order granting a new trial on the facts, or when there was a request to make additional findings, which was denied.

The referee, in respect to the fraud alleged, found that the agent of the defendant, who was concerned in the negotiation on his behalf for the purchase of the bonds, knowing that one *Drew* had offered the defendant seventy-five per cent for them, to induce the plaintiff to sell them to the defendant for sixty per cent, told the plaintiff's agent who made the sale, and during the negotiation, that the latter sum was the highest price at which the bonds could be sold. This false representation, made fraudulently and with an intent to deceive, made the defendant liable in an action for deceit if, believing it to be true and relying upon it, the plaintiff parted with the bonds for the price agreed upon, and when, except for the false representation he would not have sold them, and might have realized a larger price. Fraud without damage or damage without fraud will not sustain the action for deceit (3 Bulstr., 95); and a false and fraudulent representation made by one party to induce a contract entered into by the other, is not actionable unless the party to whom it was made believed the representation to be true and acted upon the faith of it to his damage. (*Scott* v. *Lara*, Peake's Cases, 226; *Allen* v. *Addington*, 7 Wend., 11; 11 id., 375; *Meyer* v. *Amidon*, 45 N. Y., 169; *Oberlander* v. *Spiess*, id., 175; *Lefler* v. *Field*, 52 id., 621.) In a legal sense a person is not damaged by a false representation by which he is not influenced. It is incumbent upon the party claiming to recover in an action for deceit, founded upon false representations, to show that he was influenced by them. It does not require very strong proof to establish it. In most cases it may be inferred from the circumstances attending the transaction. But in all cases it is a fact which should be averred in the complaint, and must be maintained by evidence. There is an absence in the report in this case,

of any finding, that the plaintiff relied upon the false repre-sentation of the defendant's agent, in making the sale, or that it was one of the moving considerations thereto; nor is it a legal inference from the facts found.

The order of the General Term should be reversed, and the judgment on the report of the referee affirmed.

All concur except RAPALLO, J., dissenting, and JOHNSON, J., who took no part.

Order reversed, and judgment accordingly.