JAMES C. HOLDEN et al., Appellants, *v.* JOHN W. BURNHAM et al., Respondents.

A voluntary conveyance by a husband through a third person to his wife is not necessarily or presumptively fraudulent as against creditors; the want of consideration is simply a circumstance bearing upon the question of fraud, which is a question of fact for the jury.

In an action to set aside such a conveyance as fraudulent against creditors, the referee found that there was a consideration therefor. There was no finding or request to find upon the question of fraud. *Held,* that even if the finding of consideration was wholly without evidence, the judgment could not be reversed in this court, as the absence of consideration would not alone authorize a judgment for plaintiff, and the court in the absence of findings or requests to find could not look into the evidence to see if other facts were proved, which, if found, would subvert the judgment.

(Argued September 28, 1875; decided November 9, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendant entered upon a verdict. (Mem. of decision below, 2 Hun, 678; 5 T. & C., 195.)

This action was brought by plaintiffs as judgment creditors of defendant John W. Burnham, to set aside two deeds of certain real estate, one from said Burnham to defendant Lewis; the other from said Lewis to defendant Anna, wife of said John W. Burnham, upon the ground that said conveyances were without consideration and fraudulent as against creditors. The referee found a recovery of judgment by plaintiffs against Burnham, January 2, 1872, and a return of execution thereon unsatisfied; that on the 1st of July, 1870, said Burnham conveyed the premises in question to Lewis, who on the same day conveyed to Mrs. Burnham; that said conveyances were made after plaintiffs' action against Burnham was commenced, and while it was pending, and each of them for a nominal consideration. He also found, in substance, that said premises were in fact purchased and paid for by Mrs. Burnham; that they were conveyed to Burn-

ham with her consent, he promising that he would convey
to her when requested, and in fulfillment of such promise
and in compliance with her request he did so convey with
the purpose of vesting in her the legal title. To these find-
ings plaintiffs' counsel duly excepted. As conclusions of law
the referee found that in equity Mrs. Burnham was 'the legal
owner, and that the conveyances were valid, and vested in
her the legal title, free from the claims of creditors.

*S. H. Thayer* for the appellants. The conveyance was
fraudulent as against plaintiffs. (2 R. S., 15, § 64 [3d ed.];
id., 197, § 1; *Savage* v. *Murphy*, 34 N. Y., 508; *Case* v.
*Phillips*, 39 id., 164; *Carpenter* v. *Roe*, 10 id., 227.) There
was no moral obligation which could justify the conveyance
or make it good as against creditors. (*Garfield* v. *Hatmaker*,
15 N. Y., 475; *Lounsbury* v. *Purdy*, 18 id., 515; *Siemon* v.
*Schurck*, 29 id., 398; 2 R. S., 13, § 13 [3d ed.]; Revisers'
Notes, 3 R. S., 585 [2d ed.].)

*Edward H. Hobbs* for the respondents. The conveyance
by Burnham to his wife vested the title in her free from any
claim of plaintiffs. (*Davis* v. *Graves*, 29 Barb., 480; *Foot*
v. *Bryant*, 47 N. Y., 544; *McCartney* v. *Welsh*, 51 id., 626;
*Siemon* v. *Schurck*, 29 id., 598; *Moore* v. *Livingston*, 14
How., 1.) The equities of the case are entirely with defend-
ants. (*Buchan* v. *Sumner*, 2 Barb. Ch., 207; *White* v. *Car-
penter*, id., 217.)

Andrews, J. Conceding the claim of the counsel for the
plaintiff, that the finding of the referee that the conveyance
to Mrs. Burnham was founded upon a valuable consider-
ation in equity was erroneous, yet this does not entitle the
plaintiff to a reversal of the judgment. Although the con-
veyance from the husband was voluntary, it was not, for that
reason, necessarily or presumptively fraudulent, as against his
creditors. This I understand to be the necessary inference
from the statute, which declares that no " conveyance or
charge shall be adjudged fraudulent as against creditors or

purchasers solely on the ground that it was not founded on a valuable consideration." (2 R. S., 137, § 4.) It is a circum-stance bearing upon the question of fraud, and, in connection with other circumstances, may establish it. It was settled in this State before the statute, contrary to some earlier decisions, that a voluntary conveyance, by a person indebted at the time, was not by intendment of law fraudulent as to existing creditors. (*Seward* v. *Jackson*, 8 Cow., 406.) The statute then declared the rule in the language which has been quoted, with the additional provision that the question of fraudulent intent should be deemed a question of fact and not of law. (See *Babcock* v. *Eckler*, 24 N. Y., 632; *Dygert* v. *Remerschnider*, 32 id., 636.)

The action is founded upon the allegation that the convey-ance by Mr. Burnham was made with intent to hinder, delay and defraud his creditors. There is no finding upon this question, or any request to find upon it.

We are asked to reverse the judgment for the reason that the finding of a consideration for the conveyance was not warranted by the proof, and for the further reason that on looking into the evidence it will appear that the conveyance was, in fact, fraudulent. The absence of a consideration, as has been shown, does not alone authorize a judgment for the plaintiff, and it is the settled doctrine in this court, which has frequently been declared, that the party who seeks to reverse a judgment rendered upon the report of a referee, upon the ground that it was not warranted by the facts proved, must procure a finding of facts upon the questions upon which he relies, and the court, when there are no findings upon the question presented, will not look into the evidence to see whether facts were proved which, if found, would subvert the judgment. (*Fabbri* v. *Kalbfleisch*, 52 N. Y., 28; *Pratt* v. *N. Y. Cent. Ins. Co.*, 55 id., 505, and cases cited.)

We are therefore of the opinion that the judgment should be affirmed.

All concur; Miller, J., concurring in result.

Judgment affirmed.