By the Court.—Monell, Ch. J.
I am of the opinion that so much of the charge of the learned judge as held that a representation of the value of the fixtures and repairs placed upon the leasehold premises, would, if found to be untrue, authorize a recovery, was erroneous.
Such a representation is the mere expression of an opinion, the correctness of which the vendee is supposed to be as competent to judge of, as the party making it. When the purchaser has the opportunity, as she had in this case, to personally examine and judge for herself, an action for a deceit in mis-stating the value, can not be maintained (Ellis v. Andrews, 56 N. Y. 83).
There were other parts of the charge which related to representations, which, if untrue, were such as an action could be maintained on them, and they were to some extent separated from those which did not fall within the rule. But the part especially excepted to, was presented to the jury in such a manner, as to leave them at liberty to find their verdict upon it alone. They were told, in effect, that if the defendant untruly *288 represented the value of the fixtures, he had no right to do so; that if he put the fixtures there, and they did not cost that much, and very much less, he had no right to make the statement. He represented the value at four thousand dollars, and if he knew the cost, and represented the value to be nearly one-half more, that is false. “Again,” he said, “a false, deliberate statement of any fact or facts, made with knowledge and intent to deceive, and material to the-snbject, is a false representation.” And he concluded that part of the charge by saying, “ Whenever the defendant has represented anything in relation to the value of this property which was false upon its face, and which he knew to be false, and which the party inquiring of him had not the means of ascertaining, that is clearly a fraudulent representation, and he must be responsible for it.”
There was nothing in the subsequent portions of the charge, which corrected the error in respect to the representation of value, and the jury, if they found that representation untrue, were authorized to give the plaintiff a verdict.
It is not enough that there were other representations sufficient in substance, and sustained as to their falsity by the evidence, and upon which the jury have found favorably to the plaintiff. The verdict is general, and it is not possible to say which of the representations was found by the jury. It is as proper to presume the one as the other, and it may have been the one erroneously given to the jury by the court, as being sufficient in substance to sustain the action,
I am also of the opinion that the request to charge was correct. It contained an important element of a fraudulent representation, namely, that the other party was influenced by it (Taylor v. Guest, 58 N. Y. 262).
The request was refused, not that it was not a cor *289 rect proposition of law, bnt under the belief that the court had so already charged. But I am unable to find anywhere in the charge the statement that to constitute a representation fraudulent, it must have influenced the party to whom it was made. The charge is wholly silent on that subject, and for that reason the defendant had a right to have the jury instructed in the language of the request.
The judgment should be reversed, and a new trial granted with costs to the appellant to abide the event.
Curtis, J., concurred.