Bradley, J.
The action is in the nature of a creditors bill to set aside as fraudulent against the creditors of defendant Matilda Farthing, conveyance and transfers of property made by her to the other defendants Farthing, and charging that the apparent title in defendant Kelly to other property is held by him in trust for her and seeking its appropriation to the payment of her debts. It appeal's that for many years George and Thomas Farthing were engaged in the distillery business and dealing in cattle at Buffalo, that George Farthing died November 30, 1881, leaving his will, which went to probate and record, by which he devised and bequeathed all his property to his wife, the defendant Matilda Farthing, and expressed the desire that she take his place in the firm and its business, which she did, but personally gave no attention to the business. The firm failed about the 1st of May, 1883, and judgments were afterwards recovered by the plaintiffs respectively against its members, composed of the defendant Matilda and Thomas Farthing, upon which executions against their property were returned unsatisfied. A considerable portion of the property in question came to the defendant Matilda by the will of her husband. While the evidence tends to prove that the firm was in reasonably good credit and was deemed financially sound up to about the failure, the trial court found that it was in fact insolvent for several years before and at the time of the death of George Farthing and so continued until it failed, and that the property of defendant Matilda Farthing, from and after the time of the death of her husband, was insufficient to pay her debts. This, as relates to her, must have reference to the time following that when she became a member of the firm. The evidence is not entirely clear upon this subject, as the firm continued its business, which was large, without any apparent embarrassment up to near the time of the failure,* but there is some evidence to the effect that from in January, 1882, the liabilities of the firm exceeded the amount of its property. " In December, 1882, the defendant Matilda conveyed, to her son, William J. Farthing, a lot on Michigan street, in the city of Buffalo, subject to a mortgage of $5,000, for which the evidence tends to prove he paid to her $500. The court found that the consideration was adequate and that the conveyance was made in good faith and was valid.
The plaintiff’s counsel took exception to this conclusion and contends that the deed was fraudulent as against the creditors of the grantor for the reason that the sum so paid was grossly inadequate. While there is evidence tending to prove that this property was worth $10,000 and upwards, the question whether it was made in good faith was one of *832 fact for the court, not necessarily controlled by the fact whether the price paid was equal to or less than its value. The conclusion that the consideration was adequate to support the conveyance, we think was permitted upon the evidence, although it was considerably less the value of the property. Jaeger v. Kelley, 52 N. Y., 274. In the same month, she also conveyed to him an undivided half of a lot on Lloyd street, and a parcel of land adjoining, in such city, for which there is evidence tending to prove he paid her $3,000. The evidence presents a question of fact which the court found in support of this conveyance. ' She, also, tranferred to him certain leases for oil purposes, of lands in the state of Pennsylvania, upon which there were several oil producing wells. This was property which the defendant Matilda received through the will of her husband, and -she made the transfer in satisfaction of a debt of $10,000, which William J, claimed, his father owed him at the time of his death, and he testified that his father did owe him that amount arising out of transactions to which he referred.
The court found the fact in support of this transfer and its validity. And having found the existence of the indebtedness, the conclusion reached, properly followed. Dudley v. Danforth, 61 N. Y., 626; Beards v. Wheeler, 76 id, 213; Murphy v. Briggs, 89 id., 446. And she assigned to him a bona and mortgage made to her by one Clemens, to secure a portion of the purchase-money of certain premises in Buffalo conveyed by her to him. The court held this valid. These several conclusions of the trial court are challenged by the plaintiff’s counsel. We have carefully examined the evidence and think that the view taken of it by the trial court and the conclusions pf fact there reached in respect to each of the conveyances and transfers of property sustained, were permitted by it. The questions of the credibility of the witnesses and "arising out of the conflict and inconsistency of the evidence, which may be attributable to various causes, were peculiarly for the consideration and determination of the trial court, where the opportunity for estimating the character and value of the evidence of witnesses, was superior to that of the court on review. We, therefore, see no occasion to overrule any of the facts as so found in support of the title to property derived by William J. Fartnmg from his mother. And like remarks are applicable to the situation of the title to the lot on the corner of Ellicott and Swan streets, in Buffalo, of which a deed was made by McPherson to the defendant Kelly in August, 1872. While there is some evidence having the support of circumstances tending to prove or produce the inference that George Farthing had a beneficial interest in *833 the property, that of Kelly is to the contrary, and to the effect, that he made the “purchase of it, paid for and retained the title solely for himself, and he gives some reasons consistent with such relation for the occupancy by Farthing. And beyond this the inducement and cause for the conveyance by McPherson has no importance in this action.
These general views dispose of the plaintiff’s appeal, and we deem it unnecessary to refer more specifically to the several exceptions taken by their counsel to the conclusions of the trial court.
The court determined that the conveyance of the lot forty feet in width on the south side of Swan street, in such city, by the defendant, Matilda, to William J. Farthing, was fraudulent as against her creditors. And in support of that conclusion the court found that the “conveyance was made by the defendant, Matilda Farthing, to carry out an understanding existing between the defendant, William J. Farthing, and his father, George Farthing, deceased, in his lifetime, in and by which said George Farthing promised to give William J. Farthing the land in case he would build upon it and improve it, and said William J. Farthing entered into possession of it and made improvements in the way of erecting buildings upon it. The consideration recited in this deed is $500, but there was in fact no legal or other consideration than natural love and affection for this conveyance, and it was fraudulent and void as against the plaintiffs.”
The evidence upon which this fact, in respect to the agreement and performance, was found was given by the parties to the deed. The question of credibility of those parties, so far as relates to the arrangement, is, therefore, supported by the finding. And William J. Farthing testifies to the arrangement which he says was made twelve years before the trial which was had in 188G; that he was then recently married and immediately went on and improved the lot by filling a water hole on it and built a house and barn upon it which he occupied, and that from that time the premises were called his by his father’s family, and the defendant, Matilda Farthing, testifies that she understood the arrangement at the time.
The solvency of George Farthing as of that time must, upon the evidence, be assumed. The question, therefore, arises as to the legal effect of the arrangement then made between the father and the son in view of the performance of it by the latter with the knowledge of the father.
From a very early day the part performance in the sense which that term is applied, of an oral agreement to sell and *834 purchase land, furnished the right to equitable relief by way of specific performance, notwithstanding the statute of frauds. Its application was to cases in which damages for non-performance could not accurately be measured. And then made to prevent fraud which the use of the statute might otherwise produce. This rule is expressly recognized by 2 Eev. Stat., 135, § 10. And the agreement and its performance found by the trial court seems to come within it. This performance by William J. Farthing constituted a valuable consideration for the oral promise of his father to-give him the premises, and was sucia as to support his claim for specific performance as against Ms father in his lifetime. Freeman v. Freeman, 43 N. Y., 34; Lobdell v. Lobdell, 36 id., 327; Miller v. Ball, 64 id., 286, 292.
The agreement, in view of such, part performance, was not within the statute of frauds. And the title was held by George Farthing, as trustee for his son William J.
At the time it became effectual by such performance on the part of the latter, there was no obstacle as against creditors in the way of thus disposing of the lot by tJhe father-to the son. Carr v. Breese, 81 N. Y., 584; Phœnix Bank v. Stafford, 89 id., 405. And no reason appears why the right so acquired by the latter was not such as to support the conveyance made by Mrs. Farthing in consummation of such agreement made by her devisor. It was the performance of „ his undertaking assumed by him and upon which he was charged seven or eight years before his death, and subject to which the devisee took the title. Norton v. Mallory, 63 N. Y., 434. It follows that the exception to the conclusion of the trial court that this conveyance is fraudulent and void as to the plaintiffs was well taken.
The defendant Matilda also conveyed to William J. Farthing a lot on the north side of Seneca street, in Buffalo, by deed of date May 17, 1882, which the trial court found was made without consideration and that it was fraudulent as against the plaintiffs. The contention that the conclusion that the deed was without any consideration than love and affection is not supported by the evidence, is founded upon the testimony of the parties to the deed, to the effect that it was made pursuant to an agreement which induced the grantee to relinquish a purpose he had, to engage in a business enterprise in Wyoming Territory, and remain in Buffalo, where his mother resided.
Without expressing any opimon upon the effect of such an agreement if it had been found by the trial court to have been made and the deed given in its performance, it is sufficient that no such fact is found. And in view of the relation to the action and the interest of the witnesses who gave tMs evidence, the question of its credibility was, *835 for the trial court, and in this review it must be assumed that the fact as found was justified upon any reason appearing for its support. Dean v. Van Nostrand, 23 N Y Week Dig., 97; S. C., 3 East. Rep, 666.
And the conclusion of the court that the conveyance made by the defendant Matilda Farthing to her daughter Mary, of date of December 30, 1882, was without consideration other than love and affection, is supported by the evidence. The facts to which the parties to this deed testified in respect to the property are not found by the court, and for the reasons before given they cannot be treated as established for the purposes of this review as against the fact so found. The two conveyances last mentioned must therefore be treated as voluntary. And whatever views the parties may have had of the financial condition of the grantor, the court was permitted to find them fraudulent as against then existing creditors of the grantor, if she had not remaining adequate means to discharge her liabilities. Erickson v. Quinn, 47 N. Y., 410; Cole v Tyler, 65 id., 73.
It is said that the liabilities of the firm in excess of its assets and those of its members, if such was the fact, at the time of these conveyances, were contingent or secondary, and that the parties primarily liable to pay were then apparently in good financial condition and credit, and therefore the firm or its members could not as of that time be treated as insolvent.
Whatever force that view may have been entitled to on the question of fact, the persons holding such claims may for the purposes of relief when the liability became fixed or absolute be deemed to have had the relation of creditors of the firm during the time it was contingent. Jackson v. Seward, 5 Cow., 67; S. C., 8 id., 406; Van Wyck v. Seward, 18 Wend., 375. But a conveyance shall not be adjudged fraudulent as against creditors solely on the ground that it was not founded on a valuable consideration. 2 R. S., 137, § 4. The question is one of fact dependent upon circumstances. Holden v. Burnham, 63 N. Y., 74.
The property of a debtor must be devoted to the payment of his debts, and when he voluntarily and without a valuable consideration disposes of it to the prejudice of his creditors, such transfer will be treated as fraudulent against them.
We think the conclusion was permitted that the firm and the grantor were in fact insolvent at the time the conveyances were made, and theréfore the determination that they were fraudulent as against her creditors is supported.
The fact of such condition may not be conclusively estabEshed by the direct evidence of the witnesses in relation to *836 the value of the property of the firm as compared with its liabilities, but that, with other evidence, is clearly sufficient to justify the conclusion that the firm and its members were then insolvent. In support of that, reference may be had to subsequent developments, and the amount for which sale of property was made is competent evidence upon the question of its value. Campbell v. Woodworth, 20 N. Y., 499; Hoffman v Conner, 76 id., 121.
And the evidence tends to prove that the debt upon which the judgment in favor of the plaintiff (White’s Bank of Buffalo) was recovered, existed previous to the time of the conveyances in question; that while the notes on which the action was brought were made subsequently to that time, the evidence justified the conclusion that they were the last of aseries of renewals of notes made in 1878 and 1879, and although the Farthings firm was endorser and the notes from time to time were paid through the process of renewal, we think, as between the firm creditor and the endorser, the debts evidenced by the notes may properly have been treated as that, or a portion of it, for which the first of the series of notes were made. The subject of the action upon which the judgment of the Corry National Bank was recovered, arose after the conveyance to William J., and prior to that made to Mary A. Farthing. And it is contended as against that plaintiff, that such prior deed was valid. It is true, as claimed, that neither of the plaintiffs is entitled to any relief by its association with the other as plaintiff which it could not obtain if it were a sole plaintiff, but that of each is dependent upon its own situation and the remedy afforded by it. And that as relates to a subsequent creditor, actual fraudulent intent is requisite to relief.
Insolvency of the grantor at the time of a voluntary conveyance is evidence for consideration upon the question of intent, and in this case there were some other circumstances, to which it is unnecessary specifically to refer, which permitted an inference upon that subject. And, overlooking the fact that this question was not specifically raised by request to find, we think the court was justified in his conclusion that the two conveyances last mentioned were fraudulent as against both plaintiffs. None of the exceptions other than that before referred to, seem well taken.
The appeal from the order of the special term denying a new trial presents no question legitimately for review. And the order should be affirmed, with ten dollars costs and disbursements.
The portions of the judgments appealed from by the plaintiffs should be affirmed with costs to the defendant Kelly, and without costs to any other party.
*837 The portions of the judgment relating to the conveyance made by Matilda Farthing to William J. Farthing of date May 18, 1882, of lot on south side of Swan street and so far as relates to that lot and the rents and profits thereof, should be reversed and a new trial of the issues relating to that conveyance should be granted, costs of this appeal to abide the event, unless the plaintiffs stipulate to so modify the judgment as to strike from it the provisions relating to such conveyance and premises, and have it adjudge that as to such conveyance the complaint be dismissed on the merits; and, in that event, the judgment so modified be affirmed without costs of this appeal to the plaintffs, or to the defendants Farthing.
Smith, P. J., and Childs, J., concur.