(40 App. Div. 563.)

NATIONAL STATE BANK OF CAMDEN, N. J., v. WHEELER et al.

(Supreme Court, Appellate Division, Third Department.   May 9, 1899.)

FRAUDULENT CONVEYANCES—INTENT—SETTING ASIDE.

To authorize the setting aside of a voluntary conveyance without consideration by an insolvent, the effect of which was to hinder and delay his creditors, it must be alleged and proved that it was made with the intent to hinder, delay, and defraud them.

Parker, P. J., dissenting.

Appeal from judgment on report of referee.

Action by the National State Bank of Camden, N. J., against Marvin D. Wheeler and others.   There was a judgment for plaintiff, and defendants appeal.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

F. A. Taylor (Arthur More, of counsel), for appellants.
W. J. & F. W. Welsh (W. J. Welsh, of counsel), for respondent.

HERRICK, J.   This action is brought by the plaintiff, a judgment creditor of the defendant Marvin D. Wheeler, to set aside certain conveyances of real and personal property made by the said Marvin D. Wheeler to the other defendants; and the allegations of the complaint are that they were made and received "with the intent and purpose on the part of each and all to hinder, delay, cheat, and defraud the other creditors of the grantor."   The case was tried before a referee, who found in favor of the plaintiff.   The defendants have taken no exceptions to the findings of fact by the referee, but have excepted to his conclusions of law based upon the findings of fact. There is no finding of fact by the referee of fraud on the part of any of the defendants.   Neither is there any finding of fact that the conveyances of the property in question were made with the intent to hinder, delay, or defraud the plaintiff, or any of the creditors of the defendant Marvin D. Wheeler.   In the referee's first conclusion of law, he finds, as to the conveyance of real estate, that it "was a voluntary conveyance, without consideration, and given by an insolvent grantor, and the effect thereof was to hinder and delay the plaintiff in the collection of his debt."   In his second conclusion of law he finds that the transfer of the personal property should be adjudged null and void as against the judgment of the plaintiff; "the plaintiff having been hindered and delayed in the collection of its claims against Marvin D. Wheeler by such illegal transfer thereof, and said property not being now subject to execution."

I think that neither the findings of fact nor the conclusions of law found by the referee are sufficient to sustain the judgment.   The finding that the effect of the conveyances complained of has been to hinder and delay the plaintiff and other creditors is not sufficient. There must have been an intent, in making the conveyances, to hinder, delay, and defraud the creditors.   The question of intent is one of fact, and must be both alleged, proved, and found, to warrant the judgment.   Holden v. Burnham, 63 N. Y. 74; Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105.   I am also of the opinion that there was not sufficient evidence to warrant the finding of the referee that the conveyance was voluntary and without consideration.

The judgment should therefore be reversed, the referee discharged, and a new trial granted, with costs to abide the event.   All concur, except PARKER, P. J., dissenting.   MERWIN, J., concurs in result.