### HENN v. DOUGLASS.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

1. FRAUD (§ 20*)—DECEIT CONSTITUTING RELIANCE ON MISREPRESENTATIONS.
    In an action for damages from false representations by defendant in a horse trade, plaintiff cannot recover without showing that he was influenced by the false representations and relied upon them.
    [Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 17, 18; Dec. Dig. 20.*]

2. FRAUD (§ 58*)—ACTIONS—EVIDENCE.
    In an action for damages caused by defendant's misrepresentations in the sale of property, proof that plaintiff relied on such representations may be inferred by the circumstances attending the transaction.
    [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 59; Dec. Dig. § 58.*]

3. FRAUD (§ 64*)—ACTIONS—EVIDENCE—JURY QUESTION.
    In an action for damages caused by defendant's false representations made in a horse trade, held, that it was a question for the jury whether plaintiff relied on such representations.
    [Ed. Note.—For other cases, see Fraud, Dec. Dig. § 64.*]

Appeal from Otsego County Court.

Action by Louis D. Henn against Carl Douglass. From a judgment of the County Court of Otsego County reversing a judgment rendered by a justice of the peace in favor of plaintiff, he appeals. Judgment of the County Court reversed and that of the justice affirmed.

Argued before SMITH, P. J., and SEWELL, HOUGHTON, and KELLOGG, JJ.

Adon P. Brown, for appellant.
L. L. Wheeler, for respondent.

SEWELL, J. The action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the false representations and misstatements made to the plaintiff by the defendant, upon the exchange of horses. The plaintiff in his complaint alleges the particular representations; that they were false, and were made with intent to deceive and defraud the plaintiff; that the plaintiff believed and relied upon them, and was thereby induced to and did exchange his horse for the defendant's. At the trial the plaintiff was asked if he believed the statements to be true. The defendant objected to the question, whereupon it was withdrawn.

[1, 2] The judgment was reversed by the County Court, as appears by the opinion of the county judge, upon the ground that the plaintiff failed to prove that he believed and relied upon the representations and parted with his horse because of what the defendant had said as to its condition, character, and habits. It cannot for a moment be contended that, in an action for deceit, it is not incumbent upon the plaintiff to show that the party, claiming to recover, was influenced by the representations; but it does not require strong proof to establish that fact. In most cases it can be inferred from the circumstances attending the transaction. Taylor v. Guest, 58 N. Y. 262.

[3] No direct proof of reliance upon the statements was made; but I think that the evidence and the circumstances of the case were such that the question whether the plaintiff relied upon them, and was thereby induced to make the exchange, was a question for the jury.

There was evidence that the plaintiff made particular inquiry of the defendant as to the condition of the horse, whether it was sound and had ever been lame, and whether "it was true and not afraid of anything," and the proof is ample to show that the representations made by the defendant in response to these questions were false and were made with full knowledge of their untruthfulness. It clearly appeared that the defendant did not misapprehend the purpose of the inquiries, and that he made his representations with the guilty intention of inducing the plaintiff to make the exchange. This being so, it is plain that the defendant ought not to be heard to say that the plaintiff should not have believed him or did not act upon the faith of his representations.

The form of the inquiries, the fact that they were made in contemplation of an exchange, the fact that the representations were with respect to matters which, in the ordinary course of business, would influence the action of a prospective purchaser, and they were intended and calculated to mislead the plaintiff to his injury, were circumstances tending to show that the plaintiff did rely upon the false representations of the defendant and was thereby induced to make the exchange. It would, we think, have been a forced inference had the jury concluded otherwise.

The judgment of the County Court reversing the judgment of the justice's court should therefore be reversed, and the judgment of the justice court affirmed, with costs. All concur.