JOHN B. NORTON, Appellant, *v.* RUSSELL B. MALLORY et al., Respondents.

This action was brought by plaintiff as judgment creditor of defendant R. B. M., to set aside as fraudulent a deed from him to defendant F. E. M. It appeared that the premises conveyed by the deed in question were formerly owned by S. M., mother of R. B. M. They were jointly interested in certain other premises, and it was agreed, by parol, between them, that in consideration of her joining with him in a deed thereof, he receiving the proceeds, he would, upon her death, convey the premises in question to F. E. M. Relying upon this agreement she omitted to make a will, and upon her death the premises descended to R. B. M., her sole heir at law, who subsequently, in pursuance of the agreement, executed the deed. While title was in R. B. M., he became indebted to plaintiff and a suit to recover the debt was pending at the time of the conveyance; he intended the deed should precede the judgment and prevent it from becoming a lien. The referee found the transfer was made in good faith. *Held*, that the conveyance was valid as against plaintiff; that R. B. M. having been paid the consideration for any interest he might have or expect as heir at law, was a trustee of the land for the benefit of F. E. M., who could have enforced the trust in equity; but even if the trust could not have been enforced, R. B. M. having executed it, the title thus made, supported by the equities, was paramount to any equities of plaintiff.

Evidence that a relative of the family had repeatedly urged R. B. M. to fulfill his agreement, and that he had repeatedly promised so to do, was received solely on the question of good faith. *Held*, no error; that it was competent for that purpose.

In respect to exceptions to evidence, there is no distinction between legal and equitable actions.

(Argued December 3, 1875; decided December 14, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term. (Reported below, 1 Hun, 499; 3 T. & C., 640.)

This action was brought by plaintiff as judgment creditor of defendant Russell B. Mallory, to set aside a deed from the latter to his son, the defendant, Fred. E. Mallory, of certain premises in Schuyler county, as fraudulent against creditors of the grantor.

The court found among other things, in substance, that prior to September, 1868, the premises conveyed by the deed in question, to wit, forty-one acres of land, were owned by Sarah Mallory, mother of defendant Russell B. Mallory; that they had joint interests in certain other premises which Russell B. Mallory desired to sell. He thereupon entered into a parol agreement with his mother, to the effect that if she would join with him in a deed and allow him to have the proceeds he would, after her death, convey the forty-one acres to his son, the defendant Fred. E. Mallory, then and still an infant. In pursuance of such agreement Mrs. Mallory joined in a conveyance of the other premises, and Russell B. Mallory received and used the proceeds of the sale thereof. Relying on said agreement, Mrs. Mallory omitted to make a will devising the forty-one acres to her grandson. She died intestate, September 1st, 1868, leaving said Russell B. Mallory her only child and heir at law, and as such he took the title to the forty-one acres, which he conveyed in November, 1870, in pursuance of said agreement, to his son, Fred. E. Mallory, which deed was made in good faith and without intent to defraud, and is the deed in question. That in April, 1870, said Russell B. Mallory executed to plaintiff three promissory notes, upon one of which at the time of said conveyance a suit was pending, and a judgment was perfected in December, 1870. Judgments were subsequently obtained upon the other notes and executions returned unsatisfied. At the time of such conveyance said

Russell B. Mallory was insolvent, which fact was known to him, and he executed the deed to precede the first judgment and to prevent its becoming a lien upon the land. As conclusions of law the court found that the deed was valid and vested the entire title in the forty-one acres in defendant Fred. E. Mallory, and that no equity existed in favor of plaintiff. He thereupon directed a dismissal of the complaint.

Upon the trial, one Davis, brother of Mrs. Mallory, was permitted to testify, under objection and exception, that his sister declined to make a will, stating that she relied on the agreement, and that witness repeatedly, after her death, urged said Russell B. Mallory to perform his agreement, which he as often promised to do. This evidence was offered and received solely for the purpose of proving good faith.

*Charles Mason* for the appellant. There was no valid express trust created. (4 R. S., 644.) A court of equity could not decree specific performance by Russell in favor of Fred. E. Mallory upon the ground of part performance. (Story's Eq. Jur., §§ 768, 973.) The conveyance to Fred. E. was fraudulent and void as the creditors of Russell B. Mallory. (3 R. S. [5th ed.], 226, § 1; *Sieman* v. *Austin*, 33 Barb., 15; *Sieman* v. *Schurck*, 29 N. Y., 612; *Foote* v. *Bryant*, 47 id., 494, 502; Story's Eq. Jur., § 349.)

*John J. Van Allen* for the respondents. Russell B. Mallory held the lands in question as trustee, and having conveyed them in accordance with his trust, the deed was valid against him and his creditors. (*Sieman* v. *Austin*, 33 Barb., 9; 29 N. Y., 598; *Foote* v. *Bryant*, 47 id., 544; *Boyd* v. *McLean*, 1 J. Ch., 582; 26 How., 603; *Hosford* v. *Merwin*, 5 Barb., 51; 2 R. S., 720, §§ 50–53; id., 135, §§ 6, 7; 4 Kent's Com., 307; 2 Story's Eq. Jur., §§ 1196, 1197.) The *cestui que trust* could have enforced this conveyance, if the trustee had refused to convey. (*Arnold* v. *Patrick*, 6 Paige, 310; *White* v. *Carpenter*, 2 id., 217; *In re Howe*, 1 id., 125; *Buchan* v. *Sim-*

*mer*, 2 Barb. Ch., 207; *Moses* v. *Murgatroyd*, 1 J. Ch., 119; *Neilson* v. *Blight*, 1 J. Cas., 205; *Kip* v. *Bk. of N. Y.*, 10 J. R., 63; 1 J. Ch., 128.)

CHURCH, Ch. J.   We concur with the General Term, that the title of the defendant Fred. E. Mallory, under the deed of Russell B. Mallory, is valid as against the plaintiff, who at the time of the conveyance was a creditor at large of Russell B. Mallory.   The findings of facts, that this land descended to Russell B. Mallory from his mother, in pursuance of an agreement that he would convey it to the defendant, and that she was prevented thereby from making a will devising it to him, in connection with the additional fact that Russell B. Mallory was paid by his mother the consideration for any interest which he might have or expect as the heir of his mother, constituted him a trustee of the land for the benefit of Fred. B., and enabled the latter to enforce the trust in a court of equity.   The payment of the consideration creates the trust by implication.   It does not depend solely upon the parol agreement, but rests upon the facts in connection with it. And if the mother was induced to forego making a will in favor of her grandson by the promise of Russell B., equity would enforce the obligation on the ground of fraud.   (Story, Eq., § 768.)   Concurring in the views of the General Term, it is not deemed necessary to elaborate them.   We think the principle involved is sustained by the authorities.   (33 Barb., 9; 29 N. Y., 598; 47 id., 544.)

But if the trust could not have been enforced, yet Russell B. Mallory having executed it, the title thus made and supported by the equities in the case is paramount to any equities of general creditors.   (Id.)

The referee has found that the transfer was made in good faith, and without any intention to hinder, delay or defraud creditors; and this furnishes an additional support to the title.   Russell B. was under the highest moral obligation to make this conveyance; and having made it in pursuance thereof, his creditors, especially before obtaining any lien,

cannot maintain any claim against the title thus obtained. His neglect to perform this duty before cannot impair the defendant's title. This principle was maintained in favor of a conveyance against a prior judgment in 33 Barbour (*supra*), and affirmed in this court. (29 N. Y., *supra*.)

The evidence of Davis was received solely on the question of good faith. That Russell B. was repeatedly urged to fulfill his obligation to convey this land, by a relative of the family, and repeatedly promised to do it, tended to show that the conveyance was made solely for that purpose, and to that extent was admissible; and as I understand the ruling, it was received only to that extent. The source of his information was immaterial. There is no distinction, however, between legal and equitable actions in respect to exceptions to evidence.

The judgment must be affirmed.

All concur; MILLER, J., not sitting.

Judgment affirmed.