Daniels, J.
The plaintiffs, as creditors of Samuel A. Purdy, Jr., recovered a judgment against him for the sum of $579.47. An execution was issued upon the judgment which was afterward returned unsatisfied, and the plaintiffs commenced this action to set aside the conveyance of lands on the northeast corner of Third avenue and One Hundred and Fifteenth street, made by Purdy to the defendant Tomlinson. The debt for which the judgment was recovered was contracted in July, 1883, and on or about the 17th of November, 1883, the debtor conveyed the premises in controversy to the defendant Tomlinson by a deed expressing the nominal consideration of one dollar only. At the time when the conveyance was made the premises were worth the sum of $60,000, and the grantor was insolvent. These facts sustain the conclusion, standing by themselves, that the conveyance was a voluntary one, and for that reason inoperative as to the plaintiffs as judgment creditors. Fox v. Moyer, 54 N. Y., 125; Royer Wheel Co. v. Fielding, 31 Hun, 274.
But to reheve the conveyance of this effect, reliance was placed upon the eighth sub-division of the defendant’s answer, which contains the allegations that the land was held by Purdy in trust for the use and benefit of John C. Tomlinson, to be reconveyed to him, or to some other person, to be designated by him. The court found that the land was so held in trust, and upon that finding directed judgment in favor of the defendant. On behalf of the plaintiffs this trust has been assailed as unlawful and furnishing no proper consideration for the conveyance of the land to the defendant, Tomlinson. But even if the trust was inoperative in as much as Purdy, who held the land in trust, afterwards conveyed it in compliance with the obligations of the trust, the conveyance to that extent will be valid between the parties. Lowry v. Smith, 9 Hun, 514; Norton v. Mallory, 63 N. Y., 434.
But it appeared by the evidence that while Purdy held *486 the legal title to the land, he entered into a contract with Samuel A. Nolan to build and erect a five-story building, for which he was to be paid the sum of $40,835.
And it appeared by the evidence that Nolan proceeded with the erection of the building, but it was not shown how far the erection of the building had proceeded at the time when the conveyance was made, or to what extent it had increased the value of the property, or what, if any, interest Purdy had in the building by virtue of .his contract. If it had been shown that substantial value had been added to the lot by what Nolan had done under his contract with Purdy, it may be that to that' extent the plaintiffs would be entitled to relief as judgment creditors, but no evidence was given as to this fact, and none from which it can be discovered how far Nolan had proceeded with the performance of his agreement. And because of that failure it did not appear that Purdy had any interest which he parted with by the conveyance that ought to have been applied to the payment of the debts of his creditors.
While it appeared that the glass for which the bill was made was put into the building, it was not sold or delivered under any arrangement whatever, through which the debt itself became a lien upon the property. There was no view as the evidence was presented on which it could be held that the plaintiffs had sustained their right to appropriate this property, or any part of it, to the payment of their judgment.
Exceptions were taken to the rulings of the court concerning the disposition made of the objections to evidence upon the trial, but neither of the exceptions are found to be well founded and they, therefore, fail to sustain the plaintiffs’ appeal.
The court, however, did err in the allowance of costs made to the defendant. It exceeded five per cent, of the amount of the judgment upon which the plaintiffs’ action was brought; and besides that the case does not seem to be either difficult or extraordinary. So much of the judgment should be reversed, but beyond that allowance the judgment was sustained by the evidence, or rather the defects in the plaintiffs’ evidence, and it should be affirmed without costs to either party.
I concur, Brady, J.