MALTZ et al. v. WESTCHESTER COUNTY BREWING CO.

(Supreme Court, Special Term, Westchester County.   February, 1913.)

1. TRUSTS (§ 101*)—LIABILITY OF AGENT TO PRINCIPAL—LEASES.

An agent in taking in his own name a lease negotiated for his principal becomes a trustee for the latter.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 152; Dec. Dig. § 101.*]

2. PRINCIPAL AND AGENT (§ 100*)—AUTHORITY OF AGENT—ASSIGNMENT OF LEASE.

Plaintiff s agent took a lease on business property in his own name, plaintiff owing him $400.   Later the agent assigned the lease to defendant, receiving $400, and plaintiff acquiesced in the transaction.   Held, that the assignment to defendant will be treated as a pledge to secure the payment by plaintiff of $400.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 262–273, 345, 364, 368–374; Dec. Dig. § 100.*]

3. PLEDGES (§ 45*)—ASSIGNMENT OF LEASE—RIGHT TO REASSIGNMENT.

Where a lease has been assigned to secure payment of a debt, plaintiff is entitled to an annulment of the assignment or to a reassignment of the lease by defendant on payment of the amount due.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 108–117; Dec. Dig. § 45.*]

Action by Adolph Maltz and another against the Westchester County Brewing Company.   Judgment for plaintiffs.   See, also, 138 N. Y. Supp. 1128.

Brennan & Curran, of Yonkers, for plaintiffs.
Norbert Blank, of New York City, for defendant.

TOMPKINS, J.   This is an action to procure an annullment of an assignment of a lease upon the premises where the plaintiff conducts a saloon.

[1] The plaintiff has been in possession of the premises under a lease for a term of three years, terminating on May 31, 1912.   The plaintiff was desirous of renewing the lease, and the landlord agreed to give a new lease.   For various reasons, unnecessary to be here narrated, one Joseph B. Schwartz acted as the agent for the plaintiff in the final negotiations with the landlord for this renewal lease, and as a result the lease here in question was executed about March 27, 1912.   It purports to lease the premises occupied by the plaintiff to Schwartz for the term of five years from June 1, 1912.   It was well known to the landlord, Schwartz, and the plaintiff that this lease was made to Schwartz for the benefit of the plaintiff, who was to occupy the premises during the new term and to pay the rent.   Schwartz held

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this lease as trustee for the plaintiff. Norton v. Mallory, 63 N. Y. 434; Church v. Kidd, 3 Hun, 254; Bennett v. Vansyckel, 4 Duer, 462.

[2] At that time the plaintiff was selling the beer brewed by A. Hupfel's Sons. That brewing corporation had advanced her money to secure the saloon license under which she was doing business, and, in addition to holding a lien on the license, held a chattel mortgage on the fixtures in her saloon. The plaintiff desired more liberal terms from A. Hupfel's Sons which that corporation at first refused to grant. The plaintiff then entered into negotiations with the defendant with a view to securing a large loan from the defendant to pay off the indebtedness to A. Hupfel's Sons, having decided to sever her relations with that brewery. Later she changed her mind; A. Hupfel's Sons inducing her to do so by offering her satisfactory terms. The question as to whether or not the plaintiff breached a contract made with the defendant by refusing to accept the loan from the defendant, and giving the defendant as security a chattel mortgage on her saloon fixtures and an assignment of the license, and agreeing to exclusively sell the defendant's beer, is not now before this court, and need not now be passed upon. At the time of these negotiations the plaintiff was indebted to Schwartz in the sum of about $400, and on April 19, 1912, Schwartz assigned the lease here in question to the defendant, receiving from the defendant the sum of $400. The plaintiff was present, and acquiesced in the transaction. From all the circumstances surrounding this transaction, this court must assume that all the parties to it understood that the lease here in question was so assigned to secure the payment to the defendant by the plaintiff of this $400. Crook v. Crook, 20 Abb. N. C. 249.

[3] The plaintiff has attempted to tender to the defendant this sum of $400, with accrued interest, and in this action offers to pay over to the defendant as a condition of securing the annullment of this assignment this sum of $400, with accrued interest. There can be no doubt about the right of the plaintiff to an annullment of the assignment of the lease or to a reassignment of the lease upon the payment of this sum. Slayback v. Raymond, 93 App. Div. 326, 87 N. Y. Supp. 931; Church v. Kidd, 3 Hun, 254; James v. Cowing, 17 Hun, 256.

Submit findings and judgment for settlement at which time I will hear counsel upon the question of costs.